13FEDCRT101:C4902COM.FDC.odt:11/2/13:eff                                    (C49-2)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE DESIGN, LTD., | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SEARS HOLDINGS CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff CREATIVE DESIGN, LTD., ("CREATIVE DESIGN") as its COMPLAINT against Defendant SEARS HOLDINGS CORPORATION ("SEARS"), states the following:

1.      In this COMPLAINT, Plaintiff CREATIVE DESIGN seeks equitable and monetary relief for acts in violation of federal and state law. This COMPLAINT arises under the federal copyright act (Title 17, U.S.C. §§ 101 *et seqq*.), section 43(a) of the federal Lanham Act (Title 15, U.S.C. § 1125(a)), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq*., the Illinois Consumer Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq;,* and state common law forbidding palming off, reverse palming off, and unfair competition.

**THE PARTIES**

2.      Plaintiff CREATIVE DESIGN is a corporation of the New Territory of Hong Kong having its principle place of business in in the City of Kwai Chung, in the

New Territory of Hong Kong. Plaintiff CREATIVE DESIGN is a resident of the New Territory of Hong Kong.

3.      Defendant SEARS, on information and belief, is a corporation of the State of Delaware having its principal place of business in Hoffman Estates, Illinois. SEARS is in the business, *inter alia*, of merchandising, selling and distributing untold numbers of differing items at retail to the general public. These items include, *inter alia*, decorations for various holidays including, specifically, Christmas.

### JURISDICTION AND VENUE

4.      Counts I to IV allege violations of the federal copyright act (Title 17, U.S.C. §§ 101 *et seqq*.). The Court has exclusive jurisdiction of these counts under Title 28, U.S.C., § 1338.

5.      Counts V and VI allege violations of the federal Lanham Act (Title 15, U.S.C. § 1125(a)). The Court has jurisdiction of these counts pursuant to Title 28, U.S.C., § 1331.

6.      The Court has jurisdiction of the remaining counts VII to IX under its supplemental jurisdiction of Title 28, U.S.C., § 1367.

7.      Alternately, Plaintiff CREATIVE DESIGN is a corporation of the New Territory of Hong Kong having its principle place of business in in the City of Kwai Chung, in the New Territory of Hong Kong. thus, CREATIVE DESIGN is a resident of the New Territory of Hong Kong. Further, Defendant SEARS, is a corporation of the State of Delaware having its principal place of business in Hoffman Estates, Illinois. Thus, Defendant SEARS is a resident of the State of Illinois, or, possibly, the State of Delaware. Thus, Plaintiff is a citizen of a different state from Defendant. The amount in

controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction of these counts under Title 28, U. S. C., § 1332.

8.    Defendant SEARS resides or may be found in this district Accordingly, venue lies in this district under Title 28, U. S. C., §§ 1391(a)(1) and (b)(1) and 1400.

9.    A substantial part of the events and omissions giving rise to these claims occurred in this district. Accordingly, venue lies in this district under Title 28, U. S. C., § 1391(a)(2) and (b)(2).


## PART I: COPYRIGHT INFRINGEMENT


## COUNT I: COPYRIGHT VIOLATION –
## SELLING THE ORNAMENT

9.    In 2008, Russell Kleismit ("Kleismit") created a two-dimensional design for a Christmas ornament designated by the name "Ribbon Tree Ornament." A copy of the original two-dimensional design sketch is attached as Exhibit A. Exhibit B shows the completed two-dimensional design. This two-dimensional design for a Ribbon Tree Ornament, by virtue of its creation, has always had an entitlement to a United States copyright ("the First Copyright").

10.    In 2010, Kleismit created a three-dimension sculptural design for the Ribbon Tree Ornament. A picture of this handmade sample is attached as Exhibit C. This Ribbon Tree Ornament sculpture, by virtue of its creation, has always had an entitlement to a United States copyright ("the Second Copyright").

11.    On August 24, 2011, Kleismit assigned to Plaintiff CREATIVE DESIGN all of his rights, including any and all copyrights in and to the Ribbon Tree Ornament

including generally all works based on the First and Second Copyrights (referred to below as "The Copyrights"). A copy of the executed assignment appears as the attached Exhibit D.

12.     On November 8, 2011, Plaintiff CREATIVE DESIGN obtained from the United States Copyright Office a United States copyright registration of its claim to a copyright on the Ribbon Tree Ornament itself. This registration bears the Registration Number VA 1-796-840. A copy of this registration is attached as Exhibit E.

13.     On March 8, 2012, Plaintiff CREATIVE DESIGN obtained from the United States Copyright Office a United States copyright registration of its claim to a copyright on the two-dimensional design for a Ribbon Tree Ornament. This registration bears the Registration Number VAu 1-096-082. A copy of this registration is attached as Exhibit F.

14.     On March 15, 2012, Plaintiff CREATIVE DESIGN obtained from the United States Copyright Office a United States supplementary copyright registration of its copyright on the Ribbon Tree Ornament. This supplementary registration bears the Registration Number VA 1-433-155. A copy of this supplementary registration is attached as Exhibit G. This supplementary registration had the purpose of correcting minor matters contained in the original registration on the Ribbon Tree Ornament referenced in paragraph 12, *supra*. However, this supplementary registration did not alter, in any manner, the nature or the description of the work set forth in the original copyright registration set forth in Exhibit B, *supra*.

15.     To provide the public with the Ribbon Tree Ornament, Plaintiff Creative Design, in July of 2009, made arrangements with Cracker Barrel Old Country Store, Inc.,

("Cracker Barrel") to provide the latter with Ribbon Tree Ornaments that the latter would sell in its Cracker Barrel stores throughout the United States. In fact, Plaintiff CREATIVE DESIGN started to provide Cracker Barrel with such Ribbon Tree Ornaments.

16.     All of the Ribbon Tree Ornaments provided by CREATIVE DESIGN to Cracker Barrel and displayed and sold by Cracker Barrel to the public carried a hang tag setting forth a copyright notice.. This tag with its notice announced a claim to copyright protection for the Ribbon Tree Ornament and identified CREATIVE DESIGN as the claimant of that copyright. An (enlarged) copy of that tag with its notice appears as Exhibit H.

17.     Aside from providing Ribbon Tree Ornaments to Cracker Barrel to sell in the United States, CREATIVE DESIGN has not, at any time, licensed anyone to take any actions in the United States under the Copyrights and copyright registrations involving the Ribbon Tree Ornament and design.

18      Upon information and belief and commencing at sometime in the year 2010, Defendant Sears sold or otherwise distributed copies of the Ribbon Tree Ornament to the public, in violation of 17 U.S.C. § 106(3). A copy of a photograph of a Ribbon Tree Ornament sold in a K-Mart store (owned and operated by Defendant SEARS) is attached as Exhibit I .

## COUNT II: COPYRIGHT VIOLATION –
## REPRODUCING THE ORNAMENT

19.     Plaintiff CREATIVE DESIGN restates and realleges paragraphs 1 to 18 of Count I above.

20.    Based upon information and belief, Defendant Sears had copies of the Ribbon Tree Ornament prepared. These copies were at least substantially similar to Plaintiff's Ribbon Tree Ornaments. Thus, Sears reproduced the Ribbon Tree Ornament in violation of 17 U.S.C. § 106(1). A copy of a photograph showing the Ribbon Tree Ornaments as reproduced by Sears is attached as Exhibit I.

### COUNT III: COPYRIGHT VIOLATION
### PUBLICLY DISPLAYING THE ORNAMENT

21.    Plaintiff CREATIVE DESIGN restates and realleges paragraphs 1 to 20 of Counts I and II, above.

22.    Based upon information and belief, Defendant Sears, in its various stores operated under the names of, *inter alia*, Sears and K-Mart, placed copies of the Ribbon Tree Ornament in its stores where the public had access to them and could view them. Thus, Sears publicly displayed the Ribbon Tree Ornament covered by the Copyrights in violation of 17 U.S.C. § 106 (5).

### COUNT IV: COPYRIGHT VIOLATION –
### PREPARING AND DISPLAYING
### DERIVATIVE WORKS OF THE ORNAMENT

23.    Plaintiff CREATIVE DESIGN restates and realleges paragraphs 1 to 22 of Counts I to III, above.

24.    Upon information and belief, Defendant Sears prepared and publicly displayed photographs of either the original Ribbon Tree Ornament produced by Plaintiff or of the infringing copies of the Ribbon Tree Ornament that Sears prepared. In any event, these photographs of the Ribbon Tree Ornament were substantially similar to the Ribbon Tree Ornament covered by the Copyrights. Thus, Sears, in making the

photographs, prepared derivative works of the Ribbon Tree Ornament in violation of 17 U.S.C. § 106(1).

25.     Moreover, on information and belief, Sears publicly displayed and published these photographs of the Ribbon Tree Ornament on its website and in its print ads. In publicly displaying these photographs that were substantially similar to Plaintiff's Ribbon Tree Ornaments, Sears violated the Copyrights in violation of 17 U.S.C. § 106(5).

## REQUESTED RELIEF
## FOR COPYRIGHT VIOLATIONS

Accordingly, Plaintiff CREATIVE DESIGN requests this Court to temporarily and permanently enjoin Defendant SEARS from infringing the Copyrights by making, selling, advertising, or demonstrating or making derivative products from the Ribbon Tree Ornament in violation of the Copyrights under Title 17, U.S.C., § 502. Plaintiff Creative Design further asks this Court for an order that all infringing Ribbon Tree Ornaments and and derivative works of the Ribbon Tree Ornaments be impounded and destroyed or otherwise disposed of pursuant to Title 17, U.S.C., § 503. Furthermore, Plaintiffs seek an award of statutory, compensatory, and punitive damages and their attorney's fees and costs in pursuing this action pursuant to Title 17, U.S.C., §§ 504 and 505.

## PART II: UNFAIR COMPETITION

## COUNT V: LANHAM ACT VIOLATION
## PALMING OFF

26.     Plaintiff restates and realleges paragraphs 9 to 25 above.

27.    Plaintiff CREATIVE DESIGN sold and shipped its Ribbon Tree Ornaments in foreign and interstate commerce. Further, Cracker Barrel sold Plaintiff's Ribbon Tree Ornaments in interstate commerce.

28.    Defendant SEARS similarly sold and shipped its Ribbon Tree Ornaments in interstate and, upon information and belief, foreign commerce.

29.    All of the Ribbon Tree Ornaments sold by Cracker Barrel in the United States were obtained from Plaintiff CREATIVE DESIGN. The Ribbon Tree Ornaments provided to and sold by Cracker Barrel were covered by Plaintiff CREATIVE DESIGN's copyrights and had a very unique appearance. Further the Ribbon Tree Ornaments bore attached labels providing the following information: (a) the Ribbon Tree Ornaments emanated from Plaintiff CREATIVE DESIGN, Inc., and (b) a copyright notice.

30.    At some point in time, Defendant SEARS obtained, sold, and publicly displayed identical Ribbon Tree Ornaments obtained from a source other than Plaintiff CREATIVE DESIGN. These Ribbon Tree Ornaments bore a strong resemblance to and, in fact, appeared virtually identical to the Ribbon Tree Ornaments made by Plaintiff CREATIVE DESIGN and sold by its purchaser, Cracker Barrel. Defendant SEARS failed to provide to the public any notice or information that the Ribbon Tree Ornaments that Defendant SEARS displayed on its website and sold in its stores, although completely identical to the unique Ribbon Tree Ornaments designed, created, made, and sold by Plaintiff CREATIVE DESIGN, had an origin other than Plaintiff CREATIVE DESIGN.

31.    Defendant SEARS failed to include labels on the Ribbon Tree Ornaments it displayed and sold to prevent identifying the source of the Ribbon Tree Ornaments it

sold with Plaintiff. Accordingly, when Defendant SEARS displayed marketed and sold fake Ribbon Tree Ornaments without labels identifying their source as other than Plaintiff CREATIVE DESIGN, the purchasing public and businesses would assume that they emanated from Plaintiff CREATIVE DESIGN or from the same source as .Plaintiff CREATIVE DESIGN's Ribbon Tree Ornaments.

32.     In fact, Defendant SEARS never purchased Ribbon Tree Ornaments from Plaintiff CREATIVE DESIGN, but rather obtained them from a source other than Plaintiff CREATIVE DESIGN and sold such Ribbon Tree Ornaments obtained from such other source or sources as though they had emanated from Plaintiff CREATIVE DESIGN.

33.     However, Defendant SEARS continued to use the pictures of the Ribbon Tree Ornaments covered by Plaintiffs' Copyrights on its website to promote the sale of the fake Ribbon Tree Ornaments.

34.     Then, Defendant SEARS used the fake Ribbon Tree Ornaments to fill orders obtained through SEARS's website or sold such fake Ribbon Tree Ornaments to purchasers in its stores.

35.     Defendants' actions of obtaining and selling Ribbon Tree Ornaments identical to those produced by Plaintiff CREATIVE DESIGN and sold by Cracker Barrel (with a copyright notice identifying Plaintiff CREATIVE DESIGN) and filling orders obtained by its website showing Ribbon Tree Ornaments completely identical (except for a copyright notice identifying Plaintiff CREATIVE DESIGN as the copyright claimant) had the intent and effect of causing purchasers to believe that the Ribbon Tree Ornaments had their origin with Plaintiff CREATIVE DESIGN or its customer Cracker Barrel. Thus,

the Ribbon Tree Ornaments sold by SEARS would thus appear virtually identical to those previously produced by Plaintiff CREATIVE DESIGN and sold by its customer Cracker Barrel.

36.   Defendant SEARS has displayed, advertised and sold Ribbon Tree Ornaments that are identical to those sold by Plaintiff CREATIVE DESIGN and its purchaser Cracker Barrel. Defendant SEARS has thus intentionally misled purchasers into believing that the Ribbon Tree Ornaments sold by SEARS have their origin with Plaintiff CREATIVE DESIGN when such, in fact, is not the truth.

37.   Plaintiff CREATIVE DESIGN has suffered from the confusion created by Defendants SEARS's actions enumerated above.

38   Plaintiff CREATIVE DESIGN now finds itself unable to control the quality of the goods that purchasers believe had their origin with CREATIVE DESIGN. Plaintiff CREATIVE DESIGN has suffered this expectable result since Defendant SEARS has supplied Ribbon Tree Ornaments of inferior quality to purchasers believing that they were obtaining Ribbon Tree Ornaments having their origin with CREATIVE DESIGN. This result ruins the reputation of Plaintiffs' product because of the virtually same appearance of the infringing Ribbon Tree Ornaments to those of Plaintiffs.

39.   Defendants' actions in creating confusion as to the origin of their Ribbon Tree Ornaments constitutes a violation of section 43(a) of the Lanham Act, Title 15, U.S.C, § 1125(a).

40.   Plaintiffs have demanded that Defendant cease and desist their activities that have the effect of creating confusion as to the source of its Ribbon Tree Ornaments

as set forth above. Defendants have refused to do so and will likely continue their infringing activities unless enjoined by this Court.

## COUNT VI: LANHAM ACT VIOLATION
## REVERSE PALMING OFF

41.     Plaintiffs restate and reallege paragraphs 9 to 40 above.

42.     Defendant SEARS, has engaged in a course of conduct intended to and will have the likely consequence of convincing the purchasing public that the Ribbon Tree Ornaments sold by and offered for sale by Plaintiff CREATIVE DESIGN or its licensee Cracker Barrel have their source and origin with SEARS.

43.     Further, Defendant SEARS failed to provide information that the Ribbon Tree Ornaments that it sold had a source other than Plaintiff CREATIVE DESIGN.

44.     The statements and actions of the paragraphs 42 and 43 above can only have the purpose and effect of creating the impression and belief that all such Ribbon Tree Ornaments now or previously available, *including those sold by Plaintiff CREATIVE DESIGN*, have their source and origin with Defendant SEARS.

45.     Creating the impression that the Ribbon Tree Ornaments offered to the public by Plaintiff CREATIVE DESIGN has their source and origin with SEARS constitutes "reverse palming off" and a violation of section 43(a) of the Lanham Act, Title 15, U.S.C, § 1125(a).

## COUNT VII: VIOLATION OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

46.     Plaintiffs restate and reallege paragraphs 9 to 45 above.

- 11 -

47.     The actions complained of Counts V to VI above constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq*.

### COUNT VIII: VIOLATION OF THE ILLINOIS
### DECEPTIVE TRADE PRACTICES ACT

48.     Plaintiffs restate and reallege paragraphs 9 to 47 above.

49.     The actions complained of Counts VI to VII above constitute violations of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq*.

### COUNT IX: VIOLATION OF THE ILLINOIS
### COMMON LAW OF UNFAIR COMPETITION

50.     Plaintiffs restate and reallege paragraphs 9 to 49 above.

51.     The actions complained of Counts V to VIII above constitute violations of the Illinois common law of unfair competition.

### REQUESTED RELIEF
### FOR UNFAIR COMPETITION VIOLATIONS

Accordingly, Plaintiff CREATIVE DESIGN requests this Court to temporarily and permanently enjoin Defendant SEARS from creating the likelihood of confusion of the source and origin of their Ribbon Tree Ornaments under Title 15, U.S.C, § 1116(a). Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action pursuant to Title 15, U.S.C, § 1117(a).

Further, Plaintiff CREATIVE DESIGN requests this Court to temporarily and permanently enjoin Defendant SEARS from repeating their violations of the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq.* Additionally, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action.

Additionally, Plaintiff CREATIVE DESIGN respectfully requests this Court to temporarily and permanently enjoin Defendant SEARS from repeating its violations of the Illinois common law of unfair competition. Furthermore, Plaintiff seeks an award of compensatory and punitive damages and its attorney's fees and costs in pursuing this suit.

## CONCLUSION

As a result of the above, Plaintiff CREATIVE DESIGN respectfully requests this Court to:

(a)    Temporarily and permanently enjoin Defendant SEARS from directly or contributorily infringing copyrights of Plaintiff CREATIVE DESIGN under Title 17, U.S.C., § 502;

(b)    Order the impoundment and destruction or other disposition of all infringing Ribbon Tree Ornaments and photographs and reproductions under Title 17, U.S.C., § 503;

(c)    Temporarily and permanently enjoin Defendant SEARS from palming off its Ribbon Tree Ornaments as Ribbon Tree Ornaments having their source or origin with Plaintiff pursuant to Title 15, U.S.C, § 1116(a);

(e)    Temporarily and permanently enjoin Defendants SEARS from reverse palming off Plaintiff's Ribbon Tree Ornaments as Ribbon Tree Ornaments having their source or origin with Defendant under Title 15, U.S.C, § 1116(a);

(f)     Temporarily and permanently enjoin Defendant SEARS from further violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq*;

(g)     Temporarily and permanently enjoin Defendant SEARS from further violations of the Illinois Consumer Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq;*

(h)     Direct that an accounting be undertaken to determine Plaintiff's damages including Defendant's profits;

(j)     Pay Plaintiff CREATIVE DESIGN exemplary and punitive damages in an as yet undetermined amount;

(k)     Pay Plaintiff CREATIVE DESIGN's costs and attorney fees for this action; and

(l)     Grant such other relief as is just and appropriate.


Respectfully submitted,

/s/ Eugene F. Friedman

Eugene F. Friedman
One of Plaintiff's Attorneys

Eugene F. Friedman
gene@friedmanpatents.com
Gail Tuler Friedman
gail@friedmanpatents.com
FRIEDMAN & FRIEDMAN, LTD.
Printers Square -- Suite 710
780 South Federal Street
Chicago, Illinois 60605
(312) 922-8882
Fax (312) 922-3616

Counsel for Plaintiff

Exhibit A

# Hand-Draft Design by Russell Kleismit



# Exhibit B

# Finalized Design by Russ Kleismit



Exhibit C

# Final Hand-Made Sample &
# Certified by our Design Manager

## 证明书



以上产品"ASM-9XRJ371B"的设计是属于我司(创意兴业有限公司)
聘请的美国设计师/RUSS 于 2008 年 7 月份至 9 月份研发的，由设
计经理/陈志雄协助设计师/Russ 完成此产品，

研发过程:构思草图--------正稿--------配件布料------打样(成品完成)。

设计部经理：

# Exhibit D

IKON101:C49ICASG.KON.doc:8/17/11:eff                                    (C49-1)

## ASSIGNMENT OF COPYRIGHT

Russell Kleismit ("Assignor"), owns or did own all copyrights and other rights, including those contained in 17 U.S.C §106, in and to the Ribbon Tree Ornament, a drawing of which is attached as Exhibit A, and did and wishes to exclusively assign all of those rights to Creative Design Ltd., a corporation of Hong Kong, with address of Unit 10-13 14/F Fanta Ind. Center, 27-33 Tai Lin Pai Road, Kwai Chung, NT. HONG KONG (hereinafter "Assignee"):

Assignor did transfer and assign and hereby does transfer and assign all copyrights, renewals and extensions thereof, and all other rights in the Ribbon Tree Ornament (hereinafter "Work") to Assignee. Assignee shall have the exclusive right to dispose of the copyright in any way Assignee sees fit. Assignor did and does retain no rights whatsoever in the Ribbon Tree Ornament.

1.      Assignor transfers all works based upon, derived from, or incorporating the Work, all income, royalties, damages, claims and payments now or hereafter due or payable with respect to the Work, all causes of action, either in law or in equity, for past, present, or future infringement of any copyright related to the Work, and all rights corresponding to any of the foregoing throughout the world.

2.      This Assignment includes the assignment of all rights, including copyright, to any modifications or other alterations to the Work that the Assignor makes under this Assignment or any other agreements between the Assignor and the Assignee.

3.      Assignor warrants that he has the legal right to grant to the Assignee the assignment set out in this Assignment and that such assignment does not infringe any rights of any third parties.

4.      Assignor warrants that there are no pending lawsuits concerning any aspect of the copyright and that the copyright has not been published in such a way as to lose any of its copyright protection.

5.      Assignor agrees to execute all papers and to perform such other proper acts as Assignee may deem necessary to secure for Assignee or its designee the rights herein assigned.

6.      This Assignment is freely assignable by Assignee.

7.      This Assignment is binding upon and shall inure to the benefit of the legal successors and assigns of the parties.

8.      The written provisions contained in this Assignment constitute the sole and entire agreement made between the parties concerning this Work, and any amendments to this Assignment shall not be valid unless made in writing and signed by both parties.

9.      In the event of litigation regarding matters covered by this Assignment, the losing party shall pay the prevailing party's reasonable court costs and attorney's fees. Any litigation concerning this Assignment shall occur in Cook County, Illinois.

10.     If any provision of this Assignment or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of this Assignment which can be given effect without the invalid provisions or application, and to this end the provisions of this Assignment are declared to be severable.

11.     The Assignor's signature on this Assignment is the Assignor's representation and warranty that the Assignor is the sole author and is or was the sole proprietor of all rights in and to the Work; the Work is original and contains no material from other copyrighted or unpublished works unless it is used with the written consent of the copyright owner and the owner of any other rights to or in such other works; the Work does not violate or infringe any personal or property rights of others; whether common law or statutory; the Assignor has full power and authority to enter into this Assignment; and the Assignor hereby waives any moral rights in the Work.

12.     The Assignor and the Assignee understand that this "Assignment of Copyright" may be, but might not be, recorded in the United States Copyright Office, Library of Congress, Copyright Office-DOC, 101 Independence Avenue SE, Washington, DC 20559-6216 and will become public record upon recordation.

13.     This Assignment constitutes the entire agreement between the parties.


Russell Kleismit ("Assignor")                     Date: 8/24/11

Exhibit E

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

Registration Number

## VA 1-796-840

Effective date of
registration:

November 8, 2011

## Title

Title of Work: Ribbon Tree Ornament and Nutcrackers and Designs Therefore

## Completion/Publication

Year of Completion: 2010

Date of 1st Publication: January 1, 2010    Nation of 1st Publication: United States

## Author

Author: Russell Kleismit

Author Created: Sculptural Design for Ribbon Tree and Nutcracker ornaments

Citizen of: United States

Author: Creative Design Ltd.

Author Created: Sculptural Design for Ribbon Tree and Nutcracker ornaments

Work made for hire: Yes

Citizen of: Hong Kong

## Copyright claimant

Copyright Claimant: Creative Design Ltd.

Unit 10-13 14/F Vanta Ind. Center, 21-33 Tai Lin Pai Road, Kwai Chung NT,
Hong Kong

Transfer Statement: By written agreement

## Rights and Permissions

Name: Eugene F. Friedman

Email: gene@friedmanpatents.com    Telephone:  312-922-8882

Address: Printers Square -- Suite 710

780 S. Federal Street

Chicago, IL 60605

## Certification

Registration #:  VA0001796840
Service Request #:  1-683690641



Eugene F. Friedman
Printers Square -- Suite 710
780 S. Federal Street
Chicago, IL 60605

Exhibit F

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-096-082

Effective date of
registration:

March 8, 2012

---

## Title

**Title of Work:** Design for Ribbon Tree Ornament

## Completion/Publication

**Year of Completion:** 2008

## Author

■ **Author:** Russell Kleismit

**Author Created:** 2-D artwork

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Creative Design Ltd.

Unit 10-13 14/F Vanta Ind. Center, 21-33 Tai Lin Pai Road, Kwai Chung NT,
Hong Kong, Hong Kong

**Transfer Statement:** By written agreement

## Rights and Permissions

**Name:** Eugene F. Friedman

**Email:** gene@friedmanpatents.com          **Telephone:** 312-922-8882

**Address:** Printers Square -- Suite 710

780 S. Federal Street

Chicago, IL 60605

## Certification

**Name:** Eugene F. Friedman

**Date:** March 8, 2012

**Applicant's Tracking Number:** C49-2

---

Page 1 of 1

# Exhibit G

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America





**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-433-155

TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

MAR 15 2012

Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Title of Work ▼
Ribbon Tree Ornament and Nutcracker and Designs Therefore

| Registration Number of the Basic Registration ▼ VA 1-796-840 | Year of Basic Registration ▼ 2011 |
|---|---|
| Name(s) of Author(s) ▼ Russell Kleismit and Creative Design Ltd. | Name(s) of Copyright Claimant(s) ▼ Creative Design Ltd. |

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number _____  Line Heading or Description __Title__

Incorrect Information as It Appears in Basic Registration ▼

Ribbon Tree Ornament and Nutcrackers and Designs Therefore

Corrected Information ▼

Ribbon Tree Ornament and Nutcrackers

Explanation of Correction ▼

Points out the correct works covered

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____  Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶ · Complete all applicable spaces (D-G) on the reverse side of this page. · See detailed instructions. · Sign the form at Space F.

DO NOT WRITE HERE
Page 1 of ___ pages

FORM CA RECEIVED

MAR 15 2012

FUNDS RECEIVED DATE

MAR 15 2012

EXAMINED BY

CORRESPONDENCE ☐

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☑ YES ☐ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Continuation of: ☒ Part B *or* ☐ Part C

{These are additional corrections}

Author: Original — Russell Kleismit — Author Created: Sculptural Design for Ribbon Tree and Nutcracker ornaments
　　　　Corrected — Russell Kleismit — Author Created: Sculptural Design for Ribbon Tree Ornament
　　　　Explanation — Shows what this author actually created

Author: Original — Creative Design Ltd.: Author Created: Sculptural Design for Ribbon Tree and Nutcracker
　　　　ornaments
　　　　Corrected — Creative Design Ltd.: Author Created: Sculptural Design for Nutcrackers
　　　　Explanation — Shows what this author actually created

Copyright Claimant: Original — Transfer Statement: By written agreement
　　　　　　　　　　Corrected — Transfer Statement: By Written Agreement for Ribbon Tree Ornament
　　　　　　　　　　Explanation — Shows what was transferred to the copyright claimant by the written agreement.

Correspondence: Give name and address to which correspondence about this application should be sent.

Eugene F. Friedman, Friedman & Friedman, Ltd.
780 South Federal Street, Suite 710
Chicago, Illinois 60605

Phone ( 312 ) 922-8882　　　　　Fax ( 312 ) 922-3616　　　　　Email gene@friedmanpatents.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the: (Check only one)

☐ author
☐ owner of exclusive right(s)
☐ other copyright claimant　☑ duly authorized agent of　Creative Design Ltd.
　　　　　　　　　　　　　　Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼　Eugene F. Friedman　　　　　　Date ▼　March 8, 2012

Handwritten signature (X) ▼

*Eugene F Friedman*

Certificate
will be
mailed in
window
envelope
to this
address:

| Name ▼ |
| Eugene F. Friedman, FRIEDMAN & FRIEDMAN, LTD. |
| Number/Street/Apt ▼ |
| 780 South Federal Street, Suite 710 |
| City/State/ZIP ▼ |
| Chicago, Illinois 60605 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in Space 9
**SEND ALL ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or
money order payable to *Register of
Copyrights*
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA-Full　Rev: 07/2006　Print: 07/2006 — —,000　Printed on recycled paper　　　　U.S. Government Printing Office: 2006-——-/——

Exhibit H

Copyright owned by
Creative Design Ltd.
All rights reserved.
Any authorized copy or
production of this design
is strictly prohibited.

**Item No.:**

**ASM-9XRJ371B**

# Exhibit I

